Jorge M. Pereira
PA ID 75242
PRINCE LAW OFFICES, P.C.
646 Lenape Road
Bechtelsville, PA 19505
(610) 845-3803 (t)
(610) 845-3903 (f)
JPereira@PrinceLaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAMONT DANIELS,**<br>725 West Luzerne Street<br>Philadelphia, PA 19140<br><br>Plaintiff<br><br>v.<br><br>**CITY OF PHILADELPHIA**<br>**OFFICER MICHAEL BERKERY,**<br>**BADGE NUMBER 9464,**<br>**OFFICER RYAN POWNALL,**<br>**BADGE NUMBER 1596,**<br>**OFFICERS JOHN DOE(S) 1-5,**<br>individually and as police for the<br>City of Philadelphia. | : | **No.** 16-4270<br><br>**Civil Rights Complaint 42 U.S.C. § 1983**<br>**JURY TRIAL DEMANDED** |

**FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff, Lamont Daniels, by and through his attorney, Jorge M. Pereira, Esq., and Prince Law Offices, P.C., and hereby files this civil rights complaint against Defendants, City of Philadelphia, Officer Michael Berkery, Officer Ryan Pownall, Officers John Doe(s) 1- 5, individually and as police for the City of Philadelphia, alleging violations of his constitutionally protected rights against unreasonable use of force, unlawful arrest, unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution, and malicious prosecution under Pennsylvania law. In support thereof, Lamont Daniels avers the following:

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §§1983 and 1988.

2. Jurisdiction is based on 28 U.S.C. §1331 and 1343(a).

3. Venue is proper in this Court based on 23 U.S.C. § 1391(b), as all events related to this action occurred in Philadelphia County, Pennsylvania, which is within the Eastern District of Pennsylvania.

## PARTIES

4. Plaintiff, Lamont Daniels ("Mr. Daniels"), is an African American adult resident of Philadelphia, Philadelphia County, Pennsylvania, and was so during all relevant times.

5. Defendant, City of Philadelphia ("The City"), is a municipality and a City of the First Class, duly existing under and by virtue of the laws of the Commonwealth of Pennsylvania.

6. Defendant, The City, has policy making authority for the policies, procedures practices and customs of the Philadelphia Police Department ("PPD")

7. At all times material hereto, The City was responsible for the hiring, screening, training, supervision, discipline and control of the police officers including the Defendant Officers in this case.

8. Defendant, Officer Michael Berkery, ("Officer Berkery") is a police officer of the PPD, badge number 9464, who at all relevant times was acting under the color of state law. Officer Berkery is sued in his official and individual capacities.

9. Defendant, Officer Ryan Pownall, ("Officer Pownall") is a police officer of the PPD, badge number 1596, who at all relevant times was acting under the color of state law. Officer Pownall is sued in his official and individual capacities.

10. Defendants, Officer John Doe(s) 1 through 5, are police officers of the PPD, who at all relevant times was acting under the color of state law. Defendants Officer John Doe(s) 1 through 5 are sued in their official and individual capacities.

**FACTS**

***a. Facts Relating to Mr. Daniels' Arrest***

11. At all time material hereto, Mr. Daniels was the owner and operator of a security company providing armed security 24 hour a day, seven days a week, upon request. In conjunction with the operation of Mr. Daniels' business, Mr. Daniels possesses a valid Act 235 Certificate allowing him to carry a firearm and use lethal weapons during the course of his employment.

12. On or about the evening of August 8, 2014, at approximately 6:00 p.m., Mr. Daniels finished work at one of his clients, Dr. Clarence Verdell, M.D. at 4606 Frankford Ave, Philadelphia and was traveling to another client, Associacion Puertorriquenos en Marcha for Everyone ("ASM"), located at 1900 North 9th Street, Philadelphia.

13. On his way to his next client, Mr. Daniels stopped briefly to drop off clothes for the daughter of his girlfriend, Debbie Martinez, who had met him at Dr. Verdell's office and given him the clothes for her daughter.

14. Mr. Daniels left work and drove to 1600 Ruan Street near its intersection with Frankford Avenue pulling into a spot in front of the house where Ms. Martinez's daughter resided. Mr. Daniels never left his vehicle.

15. As Mr. Daniel's was waiting in his SUV for Ms. Martinez's daughter to come out and retrieve her clothing from Mr. Daniels' vehicle, Mr. Daniels saw a police car drive by and stop ahead of him.

16. Upon information and belief, the first police car stopped and the officers radioed that the registration on Mr. Daniels' vehicle had allegedly expired.

17. A second police car then appeared, stopped in the middle of the road, backed up into oncoming traffic and parked behind Mr. Daniels vehicle.

18. Two Philadelphia police officers, Officer Berkery and Officer Pownall, exited the second police car and walked toward Mr. Daniels' vehicle. In the interim, the first police car circled around and also pulled in behind Mr. Daniels' vehicle.

19. As Officer Berkery and Officer Pownall approached Mr. Daniel's vehicle, Mr. Daniels asked the officers from inside his vehicle if there was a problem.

20. Officer Berkery stood at the driver side window while Officer Pownall stood at the passenger side window. Both windows of Mr. Daniels' vehicle were open at the time.

21. While standing on the driver's side of Mr. Daniels' vehicle, Officer Berkery stated that there was an alleged 911 call about someone with a gun in the area.

22. At the time, Mr. Daniels was sitting in his vehicle with his full Security Uniform on and with his firearm on his right side in its holster.

23. Officer Berkery instructed Mr. Daniels to step out of his vehicle and asked if Mr. Daniels would consent to a search of his vehicle.

24. At all times material hereto, Mr. Daniels duly complied with Defendant Officers' instructions and provided the Defendant Officers his work identification, his Act 235 Certificate, and Fugitive Recovery identification.

25. As instructed by Officer Berkery, Mr. Daniels stepped out of his vehicle and was immediately forcibly subjected to an unlawful frisk and search.

26. The Defendant Officers proceeded to search Mr. Daniels' vehicle without a warrant and without probable cause despite Mr. Daniels' objection to the Defendant Officers' search of his vehicle.

27. Officer Berkery proceeded to remove Mr. Daniels' firearm from its holster and forcibly wrestle with Mr. Daniels' duty belt as Officer Berkery could not undue the buckle of Mr. Daniels' duty belt to quickly remove it.

28. Defendant officers forcibly pushed Mr. Daniels to the back of the first police car.

29. Officer Berkery directed the officers in the first police car to arrest Mr. Daniels and transport him to the station. In response, the officers in the first police car indicated to Officer Berkery to simply issue a ticket for the registration and to let Mr. Daniels go free.

30. Officer Berkery then removed Mr. Daniels from the first police car and pushed Mr. Daniels in the back of the second police car driven by Officers Berkery and Pownall.

31. Defendant officers unlawfully searched Mr. Daniels' vehicle, the female clothing in a plastic container, and a Nike sneaker box in the back cargo area of Mr. Daniels' vehicle.

32. At no time did Mr. Daniels pose a threat of harm to the Defendant Officers or to any civilians.

33. Mr. Daniels sat in the back of the second police car for approximately an hour as the Defendant Officers searched his vehicle.

34. Officers Berkery and Pownall arrested Mr. Daniels and charged him with the following criminal and statutory violations: (1) 18 § 6106 §§A1, Firearms Not to be Carried W/O licenses, (2) 35 §780 – 113 §§A31, Possession of Marijuana, (3) 18 § 6108, Carry Firearms Public in Philadelphia; and (4) 75 § 1301 §§ A, Driving Unregistered Vehicle. *See* Docket Sheets, attached hereto and incorporated herein as Exhibit A.

35. At no time did Mr. Daniels violate the laws of the United States, the Commonwealth of Pennsylvania, and the City of Philadelphia, or engage in any actions or conduct that justified the actions of Defendants.

36. Mr. Daniels was forced to retain counsel and defend against the criminal charges against him, lost work and clients, and suffered damage to his professional reputation.

37. On September 18, 2015, Mr. Daniels was adjudicated not guilty on all charges in the Court of Common Pleas of Philadelphia County. The Driving Unregistered Vehicle violation was previously disposed of at the Magisterial District Court.

***b. Facts Relating to Defendants, The City, Commissioner Ramsey, Officer Berkery and Officer Pownall.***

38. The PPD has a well documented history of use excessive force, unlawful searches and seizures, and unlawful arrests without probable cause or reasonable suspicion which has led to several civil rights lawsuits against The City for the PPD's wrongful conduct often by unreasonable force and against persons of African American and/or Latino race or ethnicity.

39. Several Federal civil rights lawsuits against The City as a result of the PPD and officers of the PPD's unlawful action and misconduct have been commenced with little to no affect in remedying the PPD's unlawful practices. (See *Tanya Brown-Dickerson v. City of Philadelphia, et al.*, No. 15-4940, E.D. Pa.; *Henry Spellman v. City of Philadelphia, et al.,* No. 14-3365, E.D. Pa.; *Mahari Bailey et al. v. City of Philadelphia, et al.,* No. 10-5952, E.D. Pa.; *Jewell Williams et al. v. City of Philadelphia, et al.,* No. 10-5250, E.D, Pa.; and *NAACP et al. v. City of Philadelphia*, No. 96-6045, E.D. Pa.).

40. The PPD is comprised of eleven different ranks beginning at the entry level position of police officer and ending with Police Commissioner, which sits at the top of the PPD's organizational chart and executive tier.

41. The PPD's Police Commissioner is charged with developing and executing the plans and policies that guide the PPD. The Police Commissioner is nominated and appointed by the Mayor of The City to be the final policy maker for the PPD.

42. After being nominated to be the PPD's Police Commissioner by former the City's former Mayor, Charles H. Ramsey served as the PPD's Police Commissioner from 2008 through 2015 and had final, unreviewable discretion and authority to make decisions, policy and/or procedures for the PPD.

43. At all relevant times, Police Commissioner Ramsey was responsible for the creation and enforcement of both "effective police service" and all personnel decisions, including the hiring, the firing, discipline, and promotion of officers the PPD including Defendant Officers.

44. At all relevant times, Police Commissioner Ramsey was also responsible for the creation of all policies, practices, and procedures, and/or acquiesced to the customs under which Defendant Officers were operating.

45. The actions and conduct of the Defendant Officers in the above matter were the result of policies, procedures, practices, customs of The City and Commissioner Ramsey and/or the deliberate indifference or acquiescence of The City and Commissioner Ramsey, including a failure to train, supervise and discipline police officers with respect to constitutional standards and limitations in the use of unreasonable force, unlawful searches and seizures, and unlawful arrests without probable cause or reasonable suspicion under the Fourth Amendment.

46. Defendant Officers, Berkery, Pownall and John Doe(s) (1-5), subjected Mr. Daniels to unreasonable use of force, unlawful search and seizure, and unlawful arrest and detention without probably cause or reasonable suspicion in violation of Mr. Daniels' Fourth Amendment rights.

**COUNT I: FOURTH AMENDMENT EXCESSIVE FORCE**
**(Mr. Daniels v. Defendant Officers)**

47. The foregoing paragraphs are incorporated herein as if fully set forth at length.

48. The Fourth Amendment to the United States Constitution guarantees the "right of the people to be secure . . . against unreasonable searches and seizures . . ."

49. The Supreme Court of the United States has held that the use of excessive force when conducting a search or seizure is unreasonable. *See Graham v. Connor*, 490 U.S. 386, 394-5 (1989).

50. To determine whether the force used was reasonable, the Court must engage in an objective analysis of the facts. *Id*. at 396-97.

51. In order for a police officer to use force, that force must be incident to a lawful arrest. *See Edwards v. City of Philadelphia*, 860 F.2d 568, 572 (3d Cir. 1988).

52. Defendant Officers did not have probable cause to arrest Mr. Daniels as Mr. Daniels was in full uniform and presented all of his certifications and/or licenses to the Defendant Officers.

53. Mr. Daniels was, in fact, cooperating with Defendant Officers' requests when Defendant Officers utilized unreasonable force against him by ripping off his duty belt, handcuffing him and pushing him into the patrol car.

54. Mr. Daniels did not resist, made no sudden moves and cooperated with Defendant Officers at all times.

55. A reasonable fact finder could easily conclude that Defendant Officers did not have probable cause that Mr. Daniels had committed a crime.

56. Indeed, the Magisterial District Court dismissed the vehicle registration charge against Mr. Daniels and the Court of Common Pleas adjudicated Mr. Daniels not guilty on the remaining charges. *See*, Exhibit A.

57. Thus, without probable cause, *any* use of force was, by definition, not incident to a lawful arrest and excessive.

58. Even if Defendant Officers had probable cause for the arrest, the force used was excessive, as Mr. Daniels was not actively resisting and was not creating a hazardous or physically offensive condition.

59. As a direct and proximate result of the intentional, malicious and/or reckless actions of the Defendant Officers, Plaintiff suffered damages as described above.

60. The actions of the Defendant Officers were malicious, intentional and reckless displaying a reckless indifference to Mr. Daniels' rights and well being, and warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Lamont Daniels, demands judgment for compensatory and punitive damages against Defendants, Officer Michael Berkery, Officer Ryan Pownall, Officers John Doe(s) 1-5, jointly and severally in an amount sufficient to fairly and adequately compensate the Plaintiff and punish and deter such conduct on the part of the Defendants, together with interest, attorney fees and costs pursuant to 42 U.S.C. § 1988; and any and all other equitable and/or legal remedies this Court may see fit.

## COUNT II: FOURTH AMENDMENT EXCESSIVE FORCE
## (Mr. Daniels v. Defendant The City)

61. The foregoing paragraphs are incorporated herein as if fully set forth at length.

62. Municipal liability is established when the constitutional rights of the plaintiff have been deprived based on the policy, practice, or custom of the municipal entity. *Monell v. N.Y. City Dep't of Social Services*, 436 U.S. 658 (1978); *Mulholland v. Gov't of Berks County, Pa.,* 706 F.3d 227, 237-38 (3d Cir. 2013).

63. Municipal policy is established when a decision-maker, possessing "final authority to establish municipal policy with respect to the action, issues an official proclamation, policy, or edict. *Mulholland*, 706 F.3d at 237. (Internal marks omitted).

64. An official has final authority when "the official is responsible as a matter of . . . law for making policy in the particular area . . . and the official's authority to make policy in that area is final and unreviewable." *Id*.

65. Defendant The City had final and unreviewable authority to establish municipal policy with respect to the action, issues an official proclamation, policy, or edict.

66. In an action pursuant to Section 1983, the municipal entity or entities under which the police department serves is the liable party. *See Martin v. Red Lion Police Dep't*, 146 Fed. Appx. 558, 562 n.3 (3d Cir. 2005); *Draper v. Darby Township Police Dep't*, 777 F.Supp.2d 850, 856 (E.D. Pa. 2011); *Johnson v. City of Erie*, 834 F.Supp. 873, 878-79 (W.D.Pa. 1993). The police department is merely the "vehicle through which the city fulfills its policing functions." *Johnson*, 834 F.Supp. at 878-79.

67. Because the police department "has no corporate identity separate from the" municipality, the municipality shoulders the liability for constitutional violations. *Id*. at 878.

68. Defendant Officers were acting under The City's policies, procedures, and/or customs, and, as a result The City and Ramsey are liable for the policies, procedures, practices, and customs that directly led to the unreasonable use of force in violation of Mr. Daniels' Forth Amendment Rights.

69. The unconstitutional conduct is a direct and proximate result of the policies, practices and/or customs of The City and/or The City's deliberate indifference to properly train, supervise, and discipline its police officers to ensure that an unconstitutional policy, practice and custom does not cause a constitutional violation.

70. The City is responsible for the creation and enforcement of both "effective police service" and all personnel decisions, including the hiring, firing, discipline, and promotion of the officers and staff of PPD, including Defendant Officers.

71. The City is also responsible for the creation and enforcement of all policies, practices, procedures, and customs under which Defendant Officers were operating at all relevant times.

72. The City has failed to properly supervise and discipline Defendant Officers given the history of unconstitutional conduct.

73. As a direct and proximate result of the intentional, malicious and/or reckless actions of the Defendants, Plaintiff suffered damages as described above.

74. The actions of the Defendants were malicious, intentional and reckless displaying a reckless indifference to Mr. Daniels' rights and well being, and warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Lamont Daniels, demands judgment for compensatory and punitive damages against Defendant, City of Philadelphia, in an amount sufficient to fairly and

adequately compensate the Plaintiff and punish and deter such conduct on the part of the Defendant, together with interest, attorney fees and costs pursuant to 42 U.S.C. § 1988; and any and all other equitable and/or legal remedies this Court may see fit.

**COUNT III: 42 U.S.C. §1983**
**UNREASONABLE SEARCH AND SEIZURE**
**PURSUANT TO THE FOURTH AMENDMENT**
**(Mr. Daniels v. Defendant Officers)**

75. The foregoing paragraphs are incorporated herein as if fully set forth at length.

76. The Fourth Amendment to the United States Constitution protects citizens against "unreasonable searches and seizures" of their "persons, houses, papers, and effects." Generally, a warrant is required before a police officer may search or seize a person or his effects. *See Katz v. United States,* 389 U.S. 347 (1967).

77. Where a search or seizure occurs without a warrant, "the burden is on those seeking the exemption to show the need for it." *United States v. Jeffers,*342 U.S. 48, 51, (1951).

78. In order to seize an individual without a warrant, a police officer must have probable cause that a crime is occurring or had recently occurred. *Beck v. Ohio*, 379 U.S. 89, 91 (1964).

79. Probable cause is defined as "facts and circumstances known to the officer [that would] warrant a prudent man in believing that the offense has been committed." *Henry v. United States*, 361 U.S. 98, 102 (1959). "[G]ood faith on the part of the arresting officer is not enough." *Id.*

80. Defendant Officers had no probable cause that Mr. Daniels had committed a crime.

81. Defendant Officers did not have probable cause to search Mr. Daniels as Mr. Daniels was in full uniform and presented all of his certifications to the Defendant Officers.

82. The Court of Common Pleas of Philadelphia adjudicated Mr. Daniels not guilty and the failure to register the vehicle charge was dismissed, indicating a lack of probable cause.

83. Because Defendant Officers had no probable cause for any of the charges upon which he based Mr. Daniels' arrest, the arrest violated Mr. Daniels' Constitutional rights against unreasonable search and seizure.

84. As a direct and proximate result of the intentional, malicious and/or reckless actions of the Defendant Officers, Plaintiff suffered damages as described above.

85. The actions of the Defendant Officers were malicious, intentional and reckless displaying a reckless indifference to Mr. Daniels' rights and well being, and warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Lamont Daniels, demands judgment for compensatory and punitive damages against Defendants, Officer Michael Berkery, Officer Ryan Pownall, Officers John Doe(s) 1-5, jointly and severally in an amount sufficient to fairly and adequately compensate the Plaintiff and punish and deter such conduct on the part of the Defendants, together with interest, attorney fees and costs pursuant to 42 U.S.C. § 1988; and any and all other equitable and/or legal remedies this Court may see fit.

## COUNT IV: 42 U.S.C. §1983
## UNREASONABLE SEARCH AND SEIZURE
## PURSUANT TO THE FOURTH AMENDMENT
## (Mr. Daniels v. Defendant The City)

86. The foregoing paragraphs are incorporated herein as if fully set forth at length.

87. The City failed to maintain proper policies to prevent the unreasonable search and seizure of Mr. Daniels.

88. Indeed, upon information and belief, The City encouraged the policies that directly caused this incident, as the history of litigation against The City and the PPD demonstrates.

89. Defendant Officers were acting under The City's policies, procedures, and/or customs, and, as a result The City is liable for the policies, procedures, practices, and customs that directly led to the unlawful search and seizure of Mr. Daniels in violation of Mr. Daniels' Fourth Amendment rights.

90. The unconstitutional conduct is a direct and proximate result of the policies, practices and/or customs of The City and/or The City's deliberate indifference to properly train, supervise, and discipline its police officers to ensure that an unconstitutional policy, practice and custom does not cause a constitutional violation.

91. As a direct and proximate result of the intentional, malicious and/or reckless actions of the Defendants, Plaintiff suffered damages as described above.

92. The actions of the Defendants were malicious, intentional and reckless displaying a reckless indifference to Mr. Daniels' rights and well being, and warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Lamont Daniels, demands judgment for compensatory and punitive damages against Defendant, City of Philadelphia, in an amount sufficient to fairly and adequately compensate the Plaintiff and punish and deter such conduct on the part of the Defendant, together with interest, attorney fees and costs pursuant to 42 U.S.C. § 1988; and any and all other equitable and/or legal remedies this Court may see fit.

**COUNT V: 42 U.S.C. §1983**
**UNLAWFUL ARREST**
**PURSUANT TO THE FOURTH AMENDMENT**
**(Mr. Daniels v. Defendant Officers)**

93. The foregoing paragraphs are incorporated herein as if fully set forth at length.

94. The Fourth Amendment to the United States Constitution protects citizens against warrantless arrest without probable cause. *Beck v. Ohio,* 379 U.S. 89, 91 (1964).

95. Whether a [warrantless] arrest is constitutionally valid depend in turn upon whether, at the moment the arrest was made, the officers had probable cause to make it. *Id.; See also United States v. Kitchart,*134 F.3d 529,531 (3d Cir.1998); Barna v, City of Perth Amboy, 42 F.3d 809, 819 (3rd Cir. 1994).

96. Probable cause to arrest requires both sufficient cause to believe that a crime was committed **and** that the person arrested had engaged in the criminal conduct. Ybarra v. Illinois, 444 U.S. 85 (1979). The Supreme Court requires "particularized" cause for every person arrested. *Id.*

97. Probable cause is defined as "facts and circumstances known to the officer [that would] warrant a prudent man in believing that the offense has been committed." *Henry v. United States*, 361 U.S. 98, 102 (1959). "[G]ood faith on the part of the arresting officer is not enough." *Id.*

98. Defendant Officers had no probable cause that Mr. Daniels had committed a crime.

99. Defendant Officers did not have probable cause to arrest Mr. Daniels as Mr. Daniels was in full uniform and presented all of his certifications to the Defendant Officers.

100. The Court of Common Pleas of Philadelphia adjudicated Mr. Daniels not guilty and the failure to register the vehicle charge was dismissed, indicating a lack of probable cause.

101. Because Defendant Officers had no probable cause for any of the charges upon which he based Mr. Daniels' arrest, the arrest violated Mr. Daniels' Constitutional rights against unlawful arrest.

102. As a direct and proximate result of the intentional, malicious and/or reckless actions of the Defendant Officers, Plaintiff suffered damages as described above.

103. The actions of the Defendant Officers were malicious, intentional and reckless displaying a reckless indifference to Mr. Daniels' rights and well being, and warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Lamont Daniels, demands judgment for compensatory and punitive damages against Defendants, Officer Michael Berkery, Officer Ryan Pownall, Officers John Doe(s) 1-5, jointly and severally in an amount sufficient to fairly and adequately compensate the Plaintiff and punish and deter such conduct on the part of the Defendants, together with interest, attorney fees and costs pursuant to 42 U.S.C. § 1988; and any and all other equitable and/or legal remedies this Court may see fit.

**COUNT VI: 42 U.S.C. §1983**
**UNLAWFUL ARREST**
**PURSUANT TO THE FOURTH AMENDMENT**
**(Mr. Daniels v. Defendant The City)**

104. The foregoing paragraphs are incorporated herein as if fully set forth at length.

105. The City failed to maintain proper policies to prevent the unlawful arrest of Mr. Daniels.

106. Defendant Officers were acting under The City's policies, procedures, and/or customs, and, as a result The City is liable for the policies, procedures, practices, and customs that directly led to the violation of Mr. Daniels' rights.

107. The unconstitutional conduct is a direct and proximate result of the policies, practices and/or customs of The City and/or The City's deliberate indifference to properly train, supervise, and discipline its police officers to ensure that an unconstitutional policy, practice and custom does not cause a constitutional violation.

108. The City is responsible for the creation and enforcement of both "effective police service" and all personnel decisions, including the hiring, firing, discipline, and promotion of the officers and staff of PPD, including Defendant Officers.

109. The City is also responsible for the creation and enforcement of all policies, practices, procedures, and customs under which Defendant Officers were operating at all relevant times.

110. The City has failed to properly supervise and discipline Defendant Officers given the history of unconstitutional conduct.

111. As a direct and proximate result of the intentional, malicious and/or reckless actions of the Defendants, Plaintiff suffered damages as described above.

112. The actions of the Defendants were malicious, intentional and reckless displaying a reckless indifference to Mr. Daniels' rights and well being, and warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Lamont Daniels, demands judgment for compensatory and punitive damages against Defendant, City of Philadelphia, in an amount sufficient to fairly and adequately compensate the Plaintiff and punish and deter such conduct on the part of the Defendant, together with interest, attorney fees and costs pursuant to 42 U.S.C. § 1988; and any and all other equitable and/or legal remedies this Court may see fit.

**COUNT VII: 42 U.S.C. §1983**
**BYSTANDER LIABILITY**

**(Mr. Daniels vs. Defendant Officers)**

113. The foregoing paragraphs are incorporated herein as if fully set forth at length.

114. A plaintiff can bring a §1983 claim against a police officer under the theory of bystander liability by demonstrating that the officer: (1) "knows that a fellow officer is violating an individual's constitutional right; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." *Gleason v. E. Norriton Twp*., No. 11-CV-6273, 2012 U.S. Dist. LEXIS 102503, at 16 -17, (E.D. Pa. July 24, 2012; s*ee also, Fernandors v. District of Columbia*, 382 F.Supp. 2d 63, 72 (D.D.C. 2005); *see also Randall v. Prince George's County*, 302 F.3d 188, 203-204 (2d Cir. 2002).

115. Mr. Daniels believes and therefore avers that the Defendant Officers John Does(s)1-5, who arrived in the first police car, encouraged and/or stood idle by while Mr. Daniels was subject to unreasonable force, unlawful search and seizure, and unlawful arrest which deprived the plaintiff of his rights under the Fourth Amendment.

116. Mr. Daniels believes and therefore avers that the Defendant Officers John Does(s)1-5, who arrived in the first police car, encouraged and/or failed to prevent the to unreasonable force, unlawful search and seizure, and unlawful arrest of Mr. Daniels, of his right which deprived the plaintiff of his rights under the Fourth Amendment.

117. Defendant Officers John Does(s)1-5 failed to fulfill their obligation to supervise and intervene when they had an independent and affirmative duty to prevent the illegal, unreasonable and/or excessive search and seizure of Mr. Daniels.

118. By encouraging and failing to supervise and/or intervene, Defendant Officers John Does(s)1-5, effectively assisted each other in to unreasonable force, unlawful search and

seizure, and unlawful arrest of Mr. Daniels, of his right which deprived the Plaintiff of his rights under the Fourth Amendment.

119. The actions of the Defendants were malicious, intentional and reckless displaying a reckless indifference to Mr. Daniels' rights and well being, and warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Lamont Daniels, demands judgment for compensatory and punitive damages against Defendants, Officers John Doe(s) 1-5, jointly and severally in an amount sufficient to fairly and adequately compensate the Plaintiff and punish and deter such conduct on the part of the Defendants, together with interest, attorney fees and costs pursuant to 42 U.S.C. § 1988; and any and all other equitable and/or legal remedies this Court may see fit.

**COUNT VIII: MALICIOUS PROSECUTION PURSUANT TO PENNSYLVANIA STATE LAW**

120. The foregoing paragraphs are incorporated herein as if fully set forth at length.

121. Pennsylvania law requires three elements to be met to state a claim for malicious prosecution: (1) favorable outcome in the plaintiff's criminal proceeding; (2) lack of probable cause to initiate the criminal proceeding; and (3) malice. *Sicola v. First National Bank of Altoona*, 170 A.2d 584, 585 (Pa. 1961).

122. "Probable cause is a reasonable ground of suspicion supported by circumstances sufficient to warrant that an ordinary prudent person in the same situation could believe a party is guilty of the offense charged." *Corrigan v. Central Tax Bureau of Pa., Inc.*, 828 A.2d 502, 505 (Pa. Cmwlth. 2003).

123. In a malicious prosecution case, lack of probable cause is a legal question to be determined solely by the court. *Simpson v. Montgomery Ward & Co.*, 46 A.2d 674, 676 (Pa. 1946).

124. 18 § 6106 §§A1 – Firearms Not to be Carried W/O licenses, requires that the individual carry "a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, **without a valid and lawfully issued license** ….." (Emphasis added).

125. 18 § 6108, Carry Firearms Public in Philadelphia, states "[n}o person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in a city of the first class unless **(1) such person is licensed to carry a firearm…."** (Emphasis added).

126. Defendant Officers stated that they had received a report of an individual carrying a firearm when they approached Mr. Daniels, questioned him, and searched his vehicle.

127. At all times Mr. Daniels cooperated with Defendant Officers Police, presented his Act 235 certificate stating he was authorized to carry his firearm for work, indicated to Defendant Officers that he was the owner and operator of a security company, stated that he had just left one client and driving to another client, and was dressed in his uniform.

128. There is no evidence that Defendant Officers had probable cause to believe Mr. Daniels was not licensed to carry the firearm and/or was not properly in possession of the firearm before during and/or after they illegally, unreasonably and/or excessively searched and seized Mr. Daniels.

129. Thus, there is inference enough that Defendant Officers were not acting with probable cause, meeting the state's elements for Malicious Prosecution.

130. In addition, Mr. Daniels was adjudicated not guilty on all charges in the Court of Common Pleas of Philadelphia County.

131. As a direct and proximate result of the intentional, malicious and/or reckless actions of the Defendants, Plaintiff suffered damages as described above.

132. The actions of the Defendants were malicious, intentional and reckless displaying a reckless indifference to Mr. Daniels' rights and well being, and warranting the imposition of punitive damages.

**WHEREFORE,** Plaintiff, Lamont Daniels, demands judgment for compensatory and punitive damages against Defendants, Officer Michael Berkery, Officer Ryan Pownall, Officers John Doe(s) 1-5, jointly and severally in an amount sufficient to fairly and adequately compensate the Plaintiff and punish and deter such conduct on the part of the Defendants, together with interest, attorney fees and costs; and any and all other equitable and/or legal remedies this Court may see fit.

**JURY TRIAL DEMANDED**

133. Plaintiff hereby demands a jury trial on all claims.

Respectfully Submitted,
Prince Law Offices, P.C.

Jorge Pereira, Esq.
Attorney for Plaintiff
Attorney ID # 75242
Prince Law Offices, P.C.
646 Lenape Road
Bechtelsville, PA 19505
610-845-3803 ext 82101
JPereira@PrinceLaw.com

DATED: October 26, 2016

**PROOF OF SERVICE**

I, Jorge M. Pereira, Esq., hereby certify that I served a true and correct copy of Plaintiff's First Amended Complaint upon the following persons via electronic mail, on today's date:

Jonathan Cooper
Assistant City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
Jonathan.cooper@phila.gov

Date: October 28, 2016

Respectfully Submitted,
Prince Law Offices, P.C.

____________________________
Jorge Pereira, Esq.
Attorney for Plaintiff

Exhibit A